CELESTINE SMITH *v.* NATIONWIDE MUTUAL INSURANCE COMPANY ET AL.

HARTFORD CASUALTY INSURANCE COMPANY *v.* CELESTINE SMITH
(13856)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued March 8—decision released May 1, 1990

*Martin M. Looney,* with whom were *Thomas F. Keyes, Jr.,* and, on the brief, *John A. Keyes,* for the appellant (Celestine Smith).

*Philip F. von Kuhn,* for the appellee (Hartford Casualty Insurance Company).

CALLAHAN, J. The sole issue in this appeal is whether Celestine Smith is a covered person under the terms of an insurance policy issued by Hartford Casualty Insurance Company (Hartford Casualty) to Robert Harrington.[1] On the basis of stipulated facts, an arbitration panel concluded that Smith was not entitled to recover under the policy. Subsequently, Smith, the plaintiff in the first case, applied to the Superior Court to vacate, modify or correct the award. See General Statutes § 52-418 (a) (4). Hartford Casualty, the plaintiff in the second case, applied to the Superior Court to confirm the award. The trial court denied Smith's application and confirmed the award of the arbitration panel. Smith thereafter took an appeal to the Appellate Court which this court transferred to itself, pursuant to Practice Book § 4023. We find no error.

---

[1] The trial court concluded that because Celestine Smith failed to present either oral argument or a brief to support her claims against Nationwide Mutual Insurance Company (Nationwide), that portion of the claim was deemed abandoned. Nevertheless, on October 3, 1989, the trial court granted Smith's motion to join and consolidate the appeals in *Smith v. Nationwide Mutual Insurance Company* and *Hartford Casualty Insurance Company v. Smith.* Again, Smith has failed to brief any issue pertaining to Nationwide, therefore we will consider that appeal abandoned.

According to the stipulation of facts, on March 22, 1986, Smith was a passenger in an automobile owned and operated by Eric S. Harrington when it was involved in a one car accident. She suffered severe injuries. Damages attributable to Smith's injuries could exceed $260,000.

Eric Harrington was insured by Nationwide Mutual Insurance Company (Nationwide). Pursuant to its policy, Nationwide paid Smith $30,000 on behalf of its insured.[2] Because Eric Harrington's policy did not fully compensate her, she also pursued a claim under a policy issued by Hartford Casualty to Robert Harrington, the father of Eric Harrington. The policy issued by Hartford Casualty provided coverage for two cars owned by Robert Harrington, neither of which was the automobile involved in the accident in question. As to each of Robert Harrington's automobiles, the policy provided $100,000 of underinsured motorist coverage.

On appeal, Smith claims she is entitled to recover underinsured motorist benefits under Hartford Casualty's policy issued to Robert Harrington. Her argument is based upon the premise that once a policy provides liability coverage to an insured, the underinsured motorist coverage therein is coextensive with the liability coverage. In support of her argument, Smith cites the liability coverage section of Hartford Casualty's policy which provides that "[w]e will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." The policy defines "covered person" as "you or any family member for the ownership, maintenance or use of any auto or trailer." Smith contends that Eric Harrington, as a family member, was

---

[2] Smith also received $20,000 from Prudential Insurance, pursuant to the underinsured motorist coverage provided by a policy on a car owned by her mother.

a "covered" person under the terms of Robert Harrington's policy, who became legally responsible for her injuries because of an automobile accident while driving "any auto." Because Robert Harrington's policy provides liability coverage to Eric Harrington while using "any auto," Smith argues that the policy must also provide underinsured benefits to her as an occupant of that vehicle.

Smith's analysis, however, crumbles at its foundation because Eric Harrington was not a "covered" person under the liability portion of Robert Harrington's policy in these circumstances. That policy explicitly excludes from coverage "any vehicle other than your covered auto which is owned by any family member." Thus, it did not provide liability coverage to Eric Harrington while he was driving his own vehicle, a vehicle not covered by the policy. Apparently recognizing this limitation, Smith cites our decision in *Harvey* v. *Travelers Indemnity Co.*, 188 Conn. 245, 248, 449 A.2d 157 (1982), to argue that uninsured motorist coverage attaches to the insured person and therefore "an insured party may receive the benefits of a policy even though not occupying a vehicle insured under the policy." Thus, Smith asks this court to invalidate the policy's exclusion "in the context of uninsured/ underinsured motorist coverage." This approach, she claims, would further the public policy embodied in General Statutes § 38-175c and § 38-175a-6 (a) of the Regulations of Connecticut State Agencies.[3] We are unpersuaded by her arguments.

---

[3] "[General Statutes] Sec. 38-175c. UNINSURED MOTORIST COVERAGE. (a) (1) Every such policy shall provide insurance, herein called uninsured motorist coverage, in accordance with such regulations, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages,

"Section 38-175c (a) (1) requires insurance, designated as 'uninsured motorist coverage,' for protection against operators of uninsured and underinsured motor vehicles . . . ." *American Motorist Ins. Co.* v. *Gould,* 213 Conn. 625, 628, 569 A.2d 1105 (1990). Section 38-175c (a) (1) states: "Every policy shall provide insurance, herein called uninsured motorist coverage . . . for the protection of persons insured thereunder . . . . " In *Harvey* v. *Travelers Indemnity Co.,* we held that the public policy embodied in § 38-175c directs that *uninsured motorist coverage* is "person oriented" and

---

because of bodily injury, including death resulting therefrom, provided each insurer licensed to write automobile liability insurance in this state shall provide such uninsured motorists coverage with limits requested by the named insured upon payment of the appropriate premium, but such insurer shall not be required to provide such coverage with limits in excess of the limits of the bodily injury coverage of such policy issued to such named insured. No insurer shall be required to provide uninsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured motor vehicle or a motorcycle that is owned by the named insured, or (B) to any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured. Every such policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. With respect to any claim submitted to arbitration on or after October 1, 1983, the arbitration proceeding shall be conducted by a single arbitrator if the amount in demand is forty thousand dollars or less or by a panel of three arbitrators if the amount in demand is more than forty thousand dollars.

"(2) Notwithstanding any provision of this section to the contrary, every such policy issued or renewed on and after July 1, 1984, shall provide uninsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law unless the insured requests in writing a lesser amount, but not less than the limits specified in subsection (a) of section 14-112. Such written request shall apply to all subsequent renewals of coverage and to all policies or endorsements which extend, change, supersede or replace an existing policy issued to the named insured, unless changed in writing by the insured.

"(b) (1) An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance poli-

therefore must be provided to insureds while they are occupants of insured vehicles or uninsured vehicles. *Harvey* v. *Travelers Indemnity Co.*, supra, 248. "The coverage attaches to the insured person, not the insured vehicle." Id. In *Harvey*, we ruled that the plaintiff, *an insured under his mother's policy*, was entitled to coverage under *that policy*, even though he was injured while occupying a vehicle owned by his father which was not insured. We concluded that the exclusion in the policy, which purported to disclaim liability because the plaintiff was injured while occupying an uninsured vehicle, was invalid as against the public policy underlying uninsured motorist coverage in Connecticut. Id., 246, 249.

Unlike *Harvey*, however, Smith is not an insured under the defendant's policy. The portion of the policy defining uninsured motorist coverage provides: "We will pay damages which a covered person is legally entitled to recover from the owner or operator of an

cies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage.

"(2) For the purposes of this section, an 'underinsured motor vehicle' means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subdivision (1) of this subsection."

Section 38-175a-6 of the Regulations of Connecticut State Agencies provides: "MINIMUM PROVISION FOR PROTECTION AGAINST UNINSURED MOTORISTS

"(a) Coverage. The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle. This coverage shall insure the occupants of every motor vehicle to which the bodily injury liability coverage applies. 'Uninsured motor vehicle' includes a motor vehicle insured against liability by an insurer that is or becomes insolvent. . . ."

uninsured motor vehicle because of bodily injury: 1. Sustained by a covered person; and 2. Caused by an accident." Thus, in order for Smith to recover under the terms of the policy, she must satisfy both conditions. The policy defines "covered person" in this part as: "1. You or any family member; 2. Any other person occupying your covered auto; 3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above."

There is no dispute that the "you" in the first definition refers to Robert Harrington. Furthermore, Smith obviously is not a Harrington family member and therefore is not a "covered" person under the first definition. Similarly, when Smith was injured, she was not occupying a covered auto, i.e., one of the two automobiles described in the policy, and therefore does not fall within the second definition. Since she does not fall within either the first or second definitions, she automatically does not fall within the third.

Smith claims that these provisions are invalid because they "are attempted exclusions based upon the claimant's occupancy of a particular vehicle or upon the naming of a particular vehicle in the policy." We disagree. These provisions are not exclusions from coverage but rather simply definitions of who is an "insured" and a "covered person" under the terms of the policy. " 'In an insurance policy, an exclusion is a provision which eliminates coverage where, were it not for the exclusion, coverage would have existed.' *Kansas-Nebraska Natural Gas Co.* v. *Hawkeye-Security Ins. Co.,* 195 Neb. 658, 664, 240 N.W.2d 28 (1976) [Citations omitted.] . . . . 'It is apparent, then, that before the need for an exclusion arises, there must first be coverage within the defined scope of the policy.' *McMahon* v. *Boston Old Colony Ins. Co.,* 67 App. Div. 2d 757, 758, 412

N.Y.S.2d 465 (1979)." *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 588–89, 573 A.2d 699 (1990). Whether Smith is entitled to collect, pursuant to the uninsured motorist coverage provision of Hartford Casualty's policy, is a question of coverage, not exclusion. See *Lane* v. *Aetna Casualty & Surety Co.*, 203 Conn. 258, 264, 524 A.2d 616 (1987); *Security Ins. Co. of Hartford* v. *DeLaurentis*, 202 Conn. 178, 188, 520 A.2d 202 (1987). Because Smith is not "covered" under the terms of the policy, the trial court properly denied her claim for underinsured motorist benefits.

There is no error.

In this opinion the other justices concurred.