[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Middlesex Insurance Co. appeals the decision of an arbitration panel, which awarded James J. Quinn, III, the sum of $83,333.33 in underinsurance motorist benefits under Quinn's father's policy. The parties do not dispute the facts. On February 12, 1984, Quinn was injured in a two-car motor vehicle accident in New Haven. Quinn owned the car he was operating. Quinn recovered $20,000. from the tortfeasor, the maximum liability insurance available. Quinn's vehicle was insured for $100,000. bodily injury liability and $20,000. uninsured motorist coverage.
At the time of the accident, Quinn lived with his father, who was insured by Middlesex under two automobile liability policies [the policy] covering five vehicles. Each of the five vehicles was insured for $20,000. in underinsurance coverage. Quinn sought to aggregate the coverage available for the five vehicles and collect $100,000. in underinsurance benefits from Middlesex under his father's policy. Quinn's vehicle was not insured by Middlesex at the time of the loss and Quinn was not named as an insured under the Middlesex policy.
Middlesex denied coverage to Quinn, claiming that he was not a covered person under his father's policy. Quinn sought arbitration pursuant to Connecticut General Statutes 38a-336
(formerly 38-175c), which the Superior Court compelled and the Appellate Court affirmed. Quinn v. Middlesex Insurance Co.,16 Conn. App. 209 (1988).
On February 1, 1991, the arbitration panel, in a 2 to 1 decision, awarded Quinn $83,333.33 (per pre-hearing stipulation, Middlesex received $16,666.67 credit for the amount paid by the tortfeasor). The majority found that Middlesex's resident-relative definition was invalid under Connecticut Statutes, regulations and case law, and that Quinn was therefore a covered person. One arbitrator dissented, finding that Quinn was not a covered person under the policy's definition and that Connecticut law does not require Quinn to be covered under these facts.
On February 19, 1991, Middlesex moved to vacate the decision pursuant to Connecticut General Statutes 52-418 (a)(4). Quinn CT Page 5517 subsequently moved to dismiss based on lack of personal jurisdiction, insufficiency of process and insufficiency of service of process. The court, Schaller, J., denied the motion. Pursuant to Connecticut General Statutes 52-417, Quinn applied to confirm the arbitration award.
"Questions of law decided by arbitrators in compulsory arbitration proceedings pursuant to General Statutes 38a-336 are subject to de novo review by the court. American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 191 (1987)." Aetna Life 
Casualty Co. v. Bulaong, 218 Conn. 51, 58 (1991). Interpretation of an insurance contract is a question of law. Id. This case involves a determination of whether the plaintiff is a covered person under the insurance policy, a question of law which the court must decide de novo.
The policy provision in dispute, which is located in the "definitions" portion of the Middlesex policy on page one and which is written relevant to the policy holder, provides:
 You, your, yourself means the person named on the declarations page and the person's husband or wife if a resident of the same household.
 You, your, yourself also means a member of the family who is a resident of the household and who doesn't own a car or whose spouse doesn't own a car.
Middlesex argues that Quinn is not an insured, or covered person, under his father's policy because Quinn owns a car. Middlesex further argues that before Quinn becomes entitled to underinsurance benefits he must be a covered person under the policy as a whole, including liability benefits. Therefore, under these facts, Quinn is not a covered person under his father's policy. Additionally, Middlesex argues that it is not required to provide underinsurance coverage to a person who is neither an insured nor an occupant of a covered vehicle.
In support of upholding the arbitration award, Quinn argues that the definition of covered persons in Middlesex's policy violates Connecticut law and its public policy in that the policy excludes certain resident relatives from underinsurance coverage. Quinn further argues that the covered person definition impermissibly operates as an anti-stacking provision. Quinn cites and attaches several out-of-state cases in support of his arguments.
The Connecticut Supreme Court recently addressed the validity of an insurance policy provision similar to the Middlesex CT Page 5518 provision. In Smith v. Nationwide Mutual Ins. Co., 214 Conn. 734
(1990), the plaintiff, a passenger, was injured in a car accident. She argued that she was entitled to the underinsurance benefits available under the policy of the driver's father because the driver was a covered person under that policy. The father's "policy explicitly excludes coverage `any vehicle other than your covered auto which is owned by a family member.' Thus, it did not provide liability coverage to [the son] while he was driving his own vehicle, a vehicle not covered by the policy." Id. at 737.
Nevertheless, the plaintiff argued that the policy exclusion was invalid "in the context of uninsured/underinsured motorist coverage." Id. The court disagreed, finding that the plaintiff was not an insured under the uninsured motorist coverage provision of the policy because she was neither a family member nor injured in a covered car. Id. at 739.
 These provisions are not exclusions from coverage but rather simply definitions of who is an `insured' and a `covered person' under the terms of the policy. `In an insurance policy, an exclusion is a provision which eliminates coverage where, were it not for the exclusion, coverage would have existed.'. . . `It is apparent, then, that before the need for an exclusion arises, there must first be coverage within the defined scope of the policy.'
Id. at 740-41 (citations omitted), quoting Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 588-89 (1990).
In sum, the court upheld the provision excluding a resident family member from coverage when driving his or her own automobile. See Travelers Ins. Co. v. Kulla, 216 Conn. 390, 401
(1990) ([In Smith] "[w]e held that the clamant could not recover because [the son] was not `covered' by that policy, and that the coverage provision of the policy was valid."). In addition, the court held that a claimant must be an insured as defined in the policy before even analyzing whether exclusions apply. Smith,214 Conn. at 740.
Here, as in Smith, Quinn, a resident relative, is not covered by his father's insurance policy because he owns a car. The Middlesex policy and the policy in Smith differ in that the Smith policy excludes from coverage cars owned by family members while the Middlesex policy excludes family members who own cars. Under the facts presented in this case, however, the two policies have the identical effect in that a resident family member is not a covered person because he owns a car. Accordingly, because Smith CT Page 5519 controls this case, Quinn is not a covered person under the Middlesex policy.
Nevertheless, Quinn argues that the Middlesex definition should be invalidated because it excludes him from liability and underinsurance coverage even if he were driving a car covered by the policy and thereby prevents him from stacking, or aggregating, coverage to which he should be entitled. He argues that because he owns a car, he is precluded from any coverage, in violation of Connecticut public policy expressed in the Financial Responsibility Law at Connecticut General Statutes 14-112(b). Middlesex argues that Quinn would be covered under the policy if he were occupying a car insured under the policy or using one of the covered cars with his father's permission under the "protection for others" portions of the policy.
Quinn's argument is irrelevant to the present dispute because Quinn requests the court to invalidate the Middlesex definition based on hypothetical facts. The scenario posited by Quinn is not before the court. Under the facts of this case, Quinn is not a covered person under the policy and is not entitled to the underinsurance benefits awarded him by the arbitration panel.
Accordingly, the plaintiff's motion to vacate the arbitration award is granted; the application to confirm the award is denied.
Barry R. Schaller, Judge.