204 So.2d 343 (1967)
NATIONAL SERVICE FIRE INSURANCE COMPANY, Appellant,
v.
Lenora Barr MIKELL, and Morton R. Goudiss, Administrator Ad Litem, Appellees.
No. 67-482.
District Court of Appeal of Florida. Third District.
November 28, 1967.
*344 Harry M. Ross, Horton & Schwartz, Miami, for appellant.
Weintraub & Weintraub and Joseph H. Weil, Miami, Howard N. Galbut, Miami Beach, Morton R. Goudiss, Miami, for appellees.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
SWANN, Judge.
An uninsured motorist crashed into the gasoline pumps in a filling station, causing them to explode. A resultant fire fatally burned the plaintiff's husband, who was standing and talking to the gas station attendant while waiting for his car to be "gassed." Shortly before, the decedent had driven into the station in a car owned by him, but not designated as an insured vehicle in the automobile liability policy issued to the plaintiff-wife by the defendant-insurer.
The plaintiff sought recovery under the uninsured motorist provision of her policy, but the insurer declined liability on the grounds that the accident arose from the ownership, maintenance or use of the non-designated vehicle owned by plaintiff's husband, and he was consequently not covered because of a specific exemption clause in the policy pertaining to accidents involving such vehicles.
The trial judge entered an interlocutory order determining coverage and limiting issues, in which he specifically found that the equities were with the plaintiff and that the plaintiff's policy insured the decedent at the time of the accident. It is from this order that the insurer has taken this interlocutory appeal.
This court appreciates the ingenuity of the appellant's argument that although the decedent had been merely standing and talking to the gas station attendant, the accident, nevertheless, arose from the operation of a non-designated automobile owned by a member of her household; however, we are unpersuaded.
The insurance company did not carry its burden of proving that the decedent was injured while engaged in the "maintenance, or use" of an automobile not covered under plaintiff's policy.
Parenthetically, it would appear that provision V of the main insuring agreements, which the appellant has relied upon, has been rendered inapplicable by Condition 1 of the Uninsured Motorist Endorsement.
Appellant has not clearly demonstrated reversible error committed by the chancellor below, in either his findings of facts or rulings on the law.
Accordingly, the interlocutory order is hereby
Affirmed.