### Gregory H. Harvey *v.* The Travelers Indemnity Co.

Speziale, C. J., Peters, Healey, Parskey and Covello, Js.

Argued February 3—decision released August 31, 1982

*Robert C. Danaher,* with whom, on the brief, was *Shereen F. Edelson,* for the appellant (defendant).

*Richard P. Nevins,* for the appellee (plaintiff).

Speziale, C. J. The plaintiff, Gregory H. Harvey, while operating an uninsured motorcycle owned by his father, was hurt in an accident involving another

uninsured vehicle. The plaintiff sought payment for his injuries under the uninsured motorist provisions of a policy of insurance issued by the defendant insurance company to his mother, insuring a vehicle owned by her. There is no dispute that the plaintiff, as a relative of the named insured, is an insured under this policy. The defendant disclaimed liability on the basis of an exclusion which provides: "This policy does not apply . . . to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or a relative . . . ." It claimed that the exclusion applied because the plaintiff was injured while occupying a highway vehicle (the motorcycle), owned by a relative (his father), which was not insured. The plaintiff instituted a declaratory judgment action to determine the validity of the exclusion. The defendant's motion to strike the complaint for failure to state a claim upon which relief could be granted was denied, and summary judgment was rendered for the plaintiff. From that judgment the defendant has appealed.

The legislature has provided in General Statutes § 38-175c[1] that all automobile liability insurance

[1] General Statutes § 38-175c provides, in relevant part: "(a) Every such policy shall provide insurance, herein called uninsured motorist coverage, in accordance with such regulations, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles or of insured and underinsured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom, provided each insurer licensed to write automobile liability insurance in this state shall provide such uninsured motorists coverage with limits requested by the named insured upon payment of the appropriate premium, but such insurer shall not be required to provide such coverage with limits in excess of the

policies contain uninsured motorist coverage "for the protection of persons insured thereunder," in accordance with regulations adopted by the insurance commissioner. See General Statutes § 38-175a (a).[2] Regulations have been so adopted, and § 38-175a-6 (a) of the Regulations of Connecticut State Agencies sets forth the minimum coverage: "The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle or motorcycle because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle or motorcycle. This coverage shall insure the occupants of every motor vehicle to which the bodily injury liability coverage applies. . . ."

The plaintiff claims that the statute, in requiring coverage for the protection of "persons insured thereunder," and the regulation require coverage

limits of the bodily injury coverage of such policy issued to such named insured. Every such policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceedings."

[2] General Statutes § 38-175a (a) provides: "The insurance commissioner shall adopt regulations with respect to minimum provisions to be included in automobile liability insurance policies issued after the effective date of such regulations and covering private passenger automobiles and commercial motor vehicles, as defined in subsection (7) of section 14-1, registered or principally garaged in this state. Such regulations shall relate to the insuring agreements, exclusions, conditions and other terms applicable to the bodily injury liability, property damage liability, medical payments and uninsured motorists coverages under such policies, shall make mandatory the inclusion of bodily injury liability, property damage liability and uninsured motorists coverages and shall include a provision that the insurer shall, upon request of the named insured, issue or arrange for the issuance of a bond which shall not exceed the aggregate limit of bodily injury coverage for the purpose of obtaining release of an attachment."

for insureds *all* of the time; the defendant claims that the statute and the regulation require coverage for insureds *some* of the time, namely, only when they are "occupants of every motor vehicle to which the bodily injury liability coverage applies." Which of these interpretations is correct resolves the issue before us. The plaintiff claims that the exclusion in the policy is inconsistent with the statute and the regulation; the defendant claims that the exclusion is consistent with the statute and the regulation.

This issue is one of first impression in this court: whether the exclusion is valid because the required uninsured motorist coverage is "vehicle oriented," or void because the required uninsured motorist coverage is "person oriented." *Employers' Fire Ins. Co.* v. *Baker,* 119 R.I. 734, 744, 383 A.2d 1005 (1978) (plurality opinion) (Bevilacqua, C. J., dissenting). We take the latter position and conclude that the public policy embodied in General Statutes § 38-175c directs that uninsured motorist coverage be provided to insureds when they are not occupants of insured vehicles as well as when they are.

Our uninsured motorist insurance statute, § 38-175c, provides coverage for *"persons* insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . ." (Emphasis added.) The coverage attaches to the insured person, not the insured vehicle. Thus, this court has held that an injured party may receive the benefits of a policy even though not occupying a vehicle insured under that policy. *Citrano* v. *Berkshire Mutual Ins. Co.,* 171 Conn. 248, 254, 368 A.2d 54 (1976); *Testone* v. *Allstate Ins. Co.,* 165 Conn. 126, 134–35, 328 A.2d 686 (1973). Accordingly, if the plaintiff in the present

case were occupying a motorcycle owned by someone other than a relative, he would still be entitled to coverage under his mother's insurance policy. Section 38-175c is person oriented, not vehicle oriented. The plaintiff, an insured under his mother's policy, is entitled to coverage under that policy when injured by an uninsured motorist. The exclusion in the defendant's policy is invalid as against the public policy underlying uninsured motorist coverage in Connecticut.

Although the issue before us is one of first impression in this court, it has received much attention in the courts of other jurisdictions. The position of the courts of a majority of those jurisdictions is that the exclusion is void as contrary to the public policy expressed in the statutes requiring the uninsured motorist coverage. The public policy established by the uninsured motorist statute is that every insured is entitled to recover for the damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance. Insurance companies are powerless to restrict the broad coverage mandated by the statute. *Standard Accident Ins. Co.* v. *Gavin,* 184 So. 2d 229, 232 (Fla. Dist. Ct. App. 1966). "[U]ninsured motorist coverage . . . is statutorily intended to provide the reciprocal or mutual equivalent of automobile liability coverage prescribed by the Financial Responsibility Law . . . . To achieve this purpose, no policy exclusions contrary to the statute of any of the class of family insureds are permissible since uninsured motorist coverage is intended by the statute to be uniform and standard motor vehicle accident liability insurance for the protection of such insureds thereunder as 'if the uninsured motorist had carried the minimum limits'

of an automobile liability policy." *Mullis* v. *State Farm Mutual Automobile Ins. Co.,* 252 So. 2d 229, 237–38 (Fla. 1971). The public policy embodied in these statutes "favors indemnification of accident victims unless they are responsible for the accident." Widiss, A Guide to Uninsured Motorist Coverage (1969) § 2.9, p. 29.

An insured's status at the time of the injury, whether passenger, pedestrian, or driver of an insured or uninsured vehicle, is irrelevant to recovery under the statutorily mandated coverage. See *Elledge* v. *Warren,* 263 So. 2d 912, 918–19 (La. App. 1972); *Employers' Fire Ins. Co.* v. *Baker,* supra, 745 (Kelleher, J., dissenting). "The coverage is portable: The insured and family members . . . are insured no matter where they are injured. They are insured when injured in an owned vehicle named in the policy, in an owned vehicle not named in the policy, in an unowned vehicle, on a motorcycle, on a bicycle, whether afoot or on horseback or even on a pogo stick"; *Bradley* v. *Mid-Century Ins. Co.,* 409 Mich. 1, 24, 294 N.W.2d 141 (1980); or in a "rocking chair on [one's] front porch." *Motorists Mutual Ins. Co.* v. *Bittler,* 14 Ohio Misc. 23, 33, 235 N.E.2d 745 (1968). Uninsured motorist statutes place no geographical limits on coverage and do not purport to tie protection against uninsured motorists to occupancy of an insured vehicle. *Nygaard* v. *State Farm Mutual Automobile Ins. Co.,* 301 Minn. 10, 18, 221 N.W.2d 151 (1974). Uninsured motorist protection is coverage for persons, not for vehicles. *Northland Ins. Co.* v. *West,* 294 Minn. 368, 373, 201 N.W.2d 133 (1972).

These decisions consider that it is the intent of the legislature to provide broad coverage to victims

of uninsured motorists, and that "[i]t was not the intent of the legislature . . . to offer protection with one hand and then take a part of it away with the other." *State Farm Mutual Automobile Ins. Co. v. Hinkel,* 488 P.2d 1151, 1153 (Nev. 1971). Accordingly, the challenged exclusions have been invalidated as contrary to the public policy expressed in the statutes. See, e.g., *Vantine v. Aetna Casualty & Surety Co.,* 335 F. Sup. 1296 (N.D. Ind. 1971); *National Service Fire Ins. Co. v. Mikell,* 204 So. 2d 343 (Fla. App. 1967); *Kau v. State Farm Mutual Automobile Ins. Co.,* 58 Hawaii 49, 564 P.2d 443 (1977); *Doxtater v. State Farm Mutual Automobile Ins. Co.,* 8 Ill. App. 3d 547, 290 N.E.2d 284 (1972); *State Farm Mutual Automobile Ins. Co. v. Robertson,* 156 Ind. App. 149, 295 N.E.2d 626 (1973); *Otto v. Farmers Ins. Co.,* 558 S.W.2d 713, 717–19 (Mo. App. 1977); *Beek v. Ohio Casualty Ins. Co.,* 135 N.J. Super. 1, 342 A.2d 547 (1975); *Cothren v. Emcasco Ins. Co.,* 555 P.2d 1037 (Okla. 1976); *Federated American Ins. Co. v. Raynes,* 88 Wash. 2d 439, 563 P.2d 815 (1977); *Touchette v. Northwestern Mutual Ins. Co.,* 80 Wash. 2d 327, 494 P.2d 479 (1972); *Bell v. State Farm Mutual Automobile Ins. Co.,* 207 S.E.2d 147 (W. Va. 1974).

Although there are decisions to the contrary; see, e.g., *Howard v. Grain Dealers Mutual Ins. Co.,* 342 F. Sup. 1125, 1130 (W.D. Ark. 1972); *Owens v. Allied Mutual Ins. Co.,* 15 Ariz. App. 181, 487 P.2d 402 (1971); *MFA Ins. Cos. v. Whitlock,* 572 S.W.2d 856 (Ky. 1978); *Shipley v. American Standard Ins. Co. of Wis.,* 183 Neb. 109, 112, 158 N.W.2d 238 (1968); *Beliveau v. Norfolk & Dedham Mutual Fire Ins. Co.,* 120 N.H. 73, 411 A.2d 1101 (1980); *Roe v. Larson,* 99 Wis. 2d 332, 298 N.W.2d 580

(1980); we are convinced that the proper interpretation of General Statutes § 38-175c coincides with the majority interpretation.

We conclude that the legislature, in providing uninsured motorist coverage "for the protection of persons insured thereunder," intended to protect insureds all of the time, not only when they are occupants of motor vehicles that are covered by the bodily injury liability provision. Accordingly, we hold the defendant's exclusion to be void as against the public policy embodied in General Statutes § 38-175c.

Section 38-175a-6 (a) of the regulations provides no support to the contrary, nor could it. The defendant invokes the regulation in support of its position by interpreting the first sentence,[3] which requires uninsured motorist coverage for insureds, to be *limited* by the second sentence[4] to insureds when they are occupants of insured motor vehicles. This is incorrect. The second sentence does not *limit* the coverage of the first sentence, but instead *expands* it to include coverage for all occupants—whether insureds or not—of insured motor vehicles. The purpose of the second sentence is to expand coverage, not to contract coverage.

It may be, as the defendant suggests, that such a public policy discourages persons from obtaining

[3] "The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle or motorcycle because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle or motorcycle. This coverage shall insure the occupants of every motor vehicle to which the bodily injury liability coverage applies." Regs., Conn. State Agencies § 38-175a-6 (a).

[4] "This coverage shall insure the occupants of every motor vehicle to which the bodily injury liability coverage applies." Regs., Conn. State Agencies § 38-175a-6 (a).

liability insurance coverage and increases the risk of injury by uninsured motorists. But that plea should be directed to the legislature. We take the statute as it is written, not as it might be written, and conclude that it expresses a public policy favoring compensation for victims of uninsured motorists. On the basis of that public policy we conclude that the exclusion in the defendant's insurance policy is void.

There is no error.

In this opinion the other judges concurred.