[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this application to vacate an arbitration award and defendant moves to confirm it.
FACTS
Decedent, James Smulski, while a passenger, sustained fatal injuries and died on October 30, 1987, as a result of a one vehicle accident. Plaintiff insured both David Ouellette, the operator, and John Ouellette, the owner of that vehicle, under an automobile liability insurance policy. The named insured was John Ouellette and David Ouellette, as a resident of the household, was an additional insured.
Plaintiff paid the liability limits of $350,000 under the policy to the defendants. Defendants, thereafter, made CT Page 3085 claim for underinsured motorist (UM) benefits under the same policy.
Because of stacking the parties agree that the total UM benefits are $700,000 under the Shelby policies.
At the time of James Smulski's death, the claimants were also covered by an automobile liability insurance policy issued by The Hartford Insurance Group (The Hartford policy). The UM liability limit under that policy, after stacking of the coverages on the two vehicles insured thereunder is $600,000. Pursuant to its policy, The Hartford also was a party to the arbitration proceeding in this case. The Hartford, unlike Shelby, did not contest the availability of UM coverage under its policy. It did join the Smulskis in their claim at the arbitration hearing that in any damage award Shelby's policy should first be exhausted before reaching The Hartford's UM coverage.
The Arbitrator's Decision held that the policy exclusion relied upon by the plaintiff insurance company was invalid because not expressly provided for in Connecticut General Statutes Section 38-175c and found that the UM coverage under the policy was available to the defendants. They awarded $878,000 to defendants. Shelby was ordered to pay $700,000 under the UM coverage less the $350,000 it had paid under the liability portion of its policy.
The Hartford paid the balance of $178,000 ordered by the arbitrators.
Shelby's policy provides that an "uninsured motor vehicle does not include any vehicle or equipment: 1. Owned by or furnished or available for your regular use." All parties seem to agree that "your" refers to the Ouellettes and that the subject vehicle was at least owned by them.
SCOPE OF JUDICIAL DECISION
Because the questions presented to the arbitrators were questions of law, the questions presented to this court are questions of law. The standard for judicial review of an arbitration award in such a situation is that "the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 191.
LAW
The liability coverage that the Ouellettes had was only CT Page 3086 under the Shelby policy on the Ouellette car and that has all been paid to the claimants. However, claimants still have unpaid claims and thus as to them the Ouellettes may qualify as under insured motorists.
Plaintiff relies on the above-quoted policy exclusion. The arbitrators found that policy exclusion invalid "inasmuch as it is not expressly provided for in Section 38-175c of the Connecticut General Statutes." It is true that the named section of the statutes does not expressly provide for this exception, however, there is a regulation which states that "[t]he insurers obligation may be made inapplicable: . . . (2) if the uninsured motor vehicle is owned by (A) the named insured or any relative who is a resident of the same household . . .". Conn. Reg. 38-175a-6 (c). Defendant claims that this regulation is not applicable to our situation because the Ouellette car was not uninsured but merely underinsured. When we turn to the statute upon which the regulation is based we find that "[e]ach automobile liability policy shall provide insurance, herein called uninsured motorist coverage, in accordance with the regulations adopted pursuant to section 38-175a with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom." The regulation adopted under that statute speaks only of "uninsured." The reason for this usage is that that is what C.G.S. 38-175c(a)(1) calls the uninsured and underinsured coverage. See American Motorists Ins. Co. v. Gould, 213 Conn. 625,628.
The defendant cites the court to Harvey v. Travelers Indemnity, 188 Conn. 245. The policy language of the exclusion in that case was "person oriented." The policy exclusion in the instant case is "vehicle oriented." This exclusion does not conflict with our public policy. id. 248-249.
The application to vacate is granted. The application to confirm is denied.
N. O'Neill, J.