[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Frederick Shairer, Jr. was the owner and operator of an uninsured motorcycle which was involved in an accident on April 24, 1985. He collided with a vehicle carrying $100,000.00 in liability insurance which was paid to him by way of a structured settlement. His damages were more than CT Page 6171 $100,000.00; therefore, the other vehicle was underinsured.
Defendant lived at home with his parents who, at the time of the accident, had a policy with plaintiff on their 1970 Dodge which provided for underinsured and uninsured motorists coverage. The policy defined "covered person" as:
"1. You (the insured) or any family member." (Emphasis supplied.)
 Defendant's claim for underinsured motorists coverage went to arbitration, and he was awarded an additional $85,000.00. Thereafter, plaintiff filed an application to vacate the award which defendant opposed claiming, (1) that the award is not reviewable; and (2) even if it is, it should be confirmed.
I. THE AWARD IS REVIEWABLE
Arbitration is ordinarily a creature of contract, and the scope of review of an award made pursuant to a voluntary, contractual arbitration agreement is limited by the terms of the parties' agreement and by the provisions of General Statutes52-418." American Universal Ins. Co. v. DelGreco, 205 Conn. 178,185 (1987). Compulsory arbitration, i.e., that required by statute, demands a greater degree of judicial review. Id. at 188; see also Motor Vehicle Mfrs. Assn. of the United States, Inc. v. O'Neill, 212 Conn. 83, 94 (1989). When the parties have stipulated to the facts, "the court must conduct a de novo review of the interpretation and application of the law by the arbitrators." DelGreco, 205 Conn. at 191.
Connecticut General Statutes 38a-336 and its predecessor, 38-175c, both contain mandatory arbitration provisions. Because this type arbitration is mandated by statute, the arbitration clause in the policy at issue here is compulsory. The parties agree to the facts of the case; therefore, the court must exercise a high level of review of the law applied. See DelGreco, 205 Conn. at 187. The court's review must focus on whether or not certain exclusionary language in the policy precludes coverage.
II. THE EXCLUSIONARY CLAUSE
Plaintiff argues that there is no underinsured motorists coverage here because, although defendant is an insured, the policy precludes recovery for any person:
 "[W]hile occupying, or when struck by, any motor vehicle owned by you, . . . or any family member which is not insured for this CT Page 6172 coverage under this policy." (Emphasis supplied.)
Defendant argues that the arbitrators properly disregarded this exclusionary language because a similar clause was held void as against public policy in Harvey v. Travelers Indemnity Co., 188 Conn. 245 (1982). The court held that uninsured motorist coverage follows the person, not the vehicle, as a matter of legislative intent. The claimant was covered even though he, as a family member living in the named insured's household, was riding an uninsured vehicle owned by the named insured's husband. The court held that language excluding such coverage was void as against public policy under Connecticut General Statutes 38-175c and regulations promulgated pursuant thereto.
Plaintiff counters that the amended Connecticut General Statute 38-175c, which took effect several months before[1] the accident, resurrected the exclusionary clause. That statute states, in relevant part:
 (a)(1). . . No insurer shall be required to provide uninsured motorist coverage to (A) a named insured or relative residing in his household when occupying or struck as a pedestrian by, an uninsured or underinsured motor vehicle or a motorcycle that is owned by the named insured, or (B) to any insured occupying an uninsured or underinsured motor vehicle owned by such insured. (Emphasis supplied.)
Defendant replies that the statute gave plaintiff the right to reinstate the exclusionary clause, but such exclusion was not reinserted into the policy simply by passage of the statute.
The dispositive issue is whether exclusionary language in an insurance policy which has been held void as against public policy is "automatically" resurrected by a later statute permitting such exclusion without the need for an amendment reinserting the clause.
 In the Harvey case, the language of exclusion, at page 246, was:
 This policy does not apply . . . to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by a named insured or a CT Page 6173 relative. . . .
The motorcycle the claimant in Harvey was riding was uninsured although the claimant was an insured under the policy. The court, at page 252, said:
 We conclude that the legislature, in providing uninsured motorist coverage "for the protection of persons insured thereunder", intended to protect insured all of the time, not only when they are occupants of motor vehicles that are covered by the bodily injury liability provision. Accordingly, we hold the defendant's exclusion to be void as against the public policy embodied in General Statutes 38-175c. (Emphasis supplied.)
In Harvey the court rejected the insurance company's claim that such a public policy discouraged people from obtaining coverage for all of their vehicles and increased the risk of injury by uninsured motorists. The court's answer to this claim is found at page 253:
 But that plea should be directed to the legislature. We take the statute as it is written, not as it might be written, and conclude that it expresses a public policy favoring compensation for victims of uninsured motorists. On the basis of that public policy we conclude that the exclusion in the defendant's insurance policy is void.
The legislature did answer the insurer's plea by enacting Connecticut General Statutes 38-175c, supra, effective July 1, 1984. The legislature recognized that under Harvey a person could insure one vehicle and have coverage on all other vehicles owned by him or family members by way of uninsured motorist coverage. Plaintiff argues that because the statute permitting such exclusion predates the accident, the clause is effective.
This argument fails to consider the effect of the Harvey decision. By holding void an exclusion virtually identical to the one at issue, the exclusionary clause has excised from the policy. The amended Connecticut General Statutes 38-175c changed the state's public policy by not requiring insurers to provide coverage to an insured while occupying an uninsured vehicle owned by him. Insurers could still offer such coverage if they wished. CT Page 6174
The subject policy was issued in March, 1984 and renewed in March, 1985. Harvey removed the exclusionary clause of the 1984 policy; therefore, that clause could not be a part of the 1985 policy which was in effect at the time of the accident. By design or inadvertence, the plaintiff failed to take advantage of the statute overruling Harvey on renewal. In fact, plaintiff did not reinsert the exclusion until 1986.
Plaintiff's insistence that the exclusion applies because of Connecticut General Statutes 38-175c overlooks the fact that the policy is a contract. A contract may be amended by the parties or by operation of law. It was not amended by passage of the statute as that act permitted the insurer to exclude this type of risk, but did not mandate exclusion. There could be no "automatic" resurrection of the disputed clause. When the plaintiff reinserted the clause in 1986, it was obviously too late to preclude coverage for a 1985 accident.
The application to vacate the award is denied, and the award is confirmed.
E. EUGENE SPEAR, JUDGE.