[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#123)
On March 18, 1993, plaintiffs William and Dina Loika filed a complaint against defendants Aetna Casualty and Surety Company and Allstate Insurance Company. The facts of this case, as set forth in plaintiffs' complaint are as follows: On April 6, 1990, Cheyenne Loika was a passenger in a pick-up truck owned by Rose Benedetto and operated by Joel Cote. While driving, Joel Cote caused the vehicle to veer off the right side of the road, striking two trees and a utility pole, and causing Cheyenne Loika to be thrown from the vehicle to her death. CT Page 6378
The plaintiffs were appointed administrators of the estate of Cheyenne Loika. Included in plaintiffs' six count complaint are three counts against defendant Allstate Insurance Company ("Allstate"). Allstate filed an answer to plaintiffs' complaint on March 4, 1993. On March 18, 1993, Allstate filed a motion for summary judgment asserting that: (1) plaintiffs' decedent Cheyenne Loika is not an insured under the underinsured motorist provisions of the relevant defendant Allstate insurance policy; and that (2) the tortfeasor's vehicle was not an underinsured motor vehicle. Plaintiffs filed a memorandum in opposition to defendants motion on March 26, 1993, and filed supplemental memorandums on April 6, 1993, and on April 30, 1993. The motion for summary judgment is before the court.
The test for a summary judgment motion is "whether a party would be entitled to a directed verdict on the same facts." (Citations omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The effect of the motion is "to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." Mac's Car City, Inc. v. American National Bank, 205 Conn. 261,532 A.2d 1302 (1987). When deciding a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted shown that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Further, in deciding a summary judgment motion "the trial court must view the evidence in the light most favorable to the non-moving party." (Citation omitted). Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991).
"Interpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy." Aetna Life Casualty Co. v. Bulaong, 218 Conn. 51, 58, 588 A.2d 138 (1991). Further, "construction of a contract of insurance presents a question of law for the court . . . ." Id.; see also Flanders CT Page 6379 Pharmacy, Inc. v. Norfolk Dedham Mutual Fire Insurance Co., 6 CTLR 32 (March 16, 1991, Hennessey, J.). However, "there may be cases where the interpretation of an insurance policy depends on factual questions." Aetna Life Casualty Co. v. Bulaong, supra, 59.
In the defendant's motion for summary judgment, defendant contends that the tortfeasor vehicle was not an underinsured motor vehicle under Connecticut General Statutes Sec.38a-336(d):
 [A]n underinsured motor vehicle means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made. . . .
Covenant Insurance Co. v. Coon, 220 Conn. 30, 32, n. 4,594 A.2d 977 (1991), citing Sec. 38a-336(d). Defendant maintains that under the provisions of the Allstate underinsured motorist endorsement, the limits of any underinsured motorist coverage will be reduced:
 [B]y [a]ll amounts paid by the owner or operator of the uninsured auto or anyone responsible. This includes all sums paid under the bodily injury liability coverage of this or any other policy.
See Defendant's Motion for Summary Judgment, Exhibit 3, page 6. Under the defendant's calculations, defendant Allstate is entitled to reduce the limits of the underinsured motorist coverage by any sums paid to the Loika estated under the liability provisions of its policy.
It is undisputed that the plaintiffs had available to them $120,000 of bodily injury liability insurance on the tortfeasor truck at the time of the collision. Further, it is undisputed that it is this amount that must be compared to the underinsured motorist coverage amount of $200,000 afforded by the Cote policy with Allstate to determine if the Benedetto CT Page 6380 truck was underinsured. Plaintiffs assert that the Benedetto truck was underinsured because the $200,000 of underinsured motorist coverage under the Cote policy with Allstate was greater than the $120,000 of bodily injury liability coverage available from the Cote and Benedetto policies combined. In the alternative, defendant claims that the underinsured motorist limit of $200,000 should be reduced by the $120,000 bodily injury liability before the comparison of the two limits is made. Therefore, defendant's maintain that the underinsured limit under the Cote Allstate policy is $80,000, which is less than the $120,000 liability policy limits on the tortfeasor vehicle. Defendant's position is unsupported by case law.
A recent superior court case that addressed the issue, above, is Monsees v. Cigna Property and Casualty Insurance Co., 8 Conn. L. Rptr. No. 17, 525 (April 26, 1993, J. Langenbach). Explaining when the determination of whether an automobile is underinsured should be made, the Monsees court stated:
 [O]ur Supreme Court appears to define "limits of liability" in terms of allowing set-offs or credits after the initial determination is made that the tortfeasor's vehicle is underinsured pursuant to the statute.
(Emphasis added.) Id., supra, 528, discussing Wilson v. Security Insurance Co., 213 Conn. 532, 569 A.2d 40 (1990). Consistent with this approach, both parties agree that Allstate's underinsured limit is $200,000, and that this exceeds the $120,000 of liability coverage available to the plaintiffs. Accordingly, the pick-up truck driven by Joel Cote was underinsured. Later, if it is determined that plaintiffs are entitled to recover under the relevant underinsured motorist provision of the Allstate policy the defendant should be entitled to a set-off of any amount that has already been paid to the plaintiffs under the liability coverage provision of the policy.
Turning to the second issue raised by the defendant in its motion for summary judgment, defendant asserts that plaintiffs' decedent is not an insured under the underinsured motorist provisions of the Allstate policy. Under Section II, Part V, of the insurance policy, a provision provides that: CT Page 6381
 We will pay those damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person.
See Defendant's Motion for Summary Judgment, Exhibit 3, page 2. Interpreting this provision, defendant maintains that: (1) only an insured person can recover under the policy; and (2) under Section II of the policy, plaintiffs' decedent does not qualify as an insured person. Therefore, defendant concludes that under the terms and conditions of the applicable Allstate underinsured motorist endorsement the plaintiffs' decedent, Cheyenne Loika, is not an insured, and summary judgment should enter on behalf of defendant Allstate.
In opposition to Allstate's motion, plaintiffs contend that the relevant underinsured motorist provisions of the defendant Allstate policy are expanded by an applicable insurance regulation to cover the plaintiffs' decedent, Cheyenne Loika. Plaintiffs agree that decedent Cheyenne Loika was not covered by the Allstate underinsured motorist policy as an insured person. However, in the alternative, plaintiffs assert in their memorandum in opposition to defendant's motion for summary judgment, that decedent Cheyenne Loika was nonetheless insured by the Allstate policy in accordance with the provisions of Section 38-175a-6(a) of the Connecticut insurance regulations.[1]
Plaintiffs contend that because the plaintiffs' decedent, Cheyenne Loika, was an occupant of a motor vehicle to which the Allstate bodily injury liability coverage applied, the second sentence of Section 38-175a-6(a) of the insurance regulation also qualified the plaintiffs' decedent as an insured under the underinsured motorist provision of the Allstate policy. The applicable part of the regulation states that:
 Section 38-175a-6. Minimum provision for protection against uninsured motorists.
 (a) Coverage. The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally CT Page 6382 entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle. This coverage shall insure the occupants of every motor vehicle to which bodily injury liability coverage applies.
(Emphasis added.) Plaintiffs concede that this regulation addresses only uninsured motorist coverage. However, "the term uninsured motorist has come to include underinsured motorist by legislative fiat." Hotkowski v. Aetna Life 
Casualty Co., 224 Conn. 145, 151, 617 A.2d 451 (1992). As a result, "the regulations which apply to uninsured motorist coverage must equally apply to underinsured motorist coverage." (Citation omitted.) General Accident Insurance Co. v. Wheeler, 221 Conn. 206, 210-211, 603 A.2d 385 (1992). Further, "[i]t is well settled that an insurance contract must be read to exclude provisions that the law requires be included and to exclude provisions that the law prohibits." Harlach v. Metropolitan Property Liability Insurance Co., 221 Conn. 185,191, 602 A.2d 1007 (1992).
Therefore, if plaintiff can show that the Benedetto truck, driven by Joel Cote, was a vehicle to which the provisions of the Allstate bodily injury liability coverage applied, consistent with the second sentence of Section 38-175a-6(a), the Allstate underinsured motorist coverage will also apply to any occupant of the truck, and as a result, will apply to decedent, Cheyenne Loika. See Harvey v. Travelers Indemnity Co., 188 Conn. 245, 252, 449 A.2d 157 (1982) ("The second sentence [of Section 38-175a-6(a)] does not limit the coverage of the first sentence, but instead expands it to include coverage for all occupants — whether insured or not — of insured motor vehicles").
For the foregoing reasons, a genuine issue of material fact remains as to whether plaintiffs' decedent, Cheyenne Loika is an insured, and can recover under the underinsured motorist provisions of the Allstate policy, inclusive of the expansion of coverage mandated by Section 38-175a-6(a). Accordingly, defendant's motion for summary judgment is denied.[2]
CT Page 6383
HIGGINS, J.