[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of an automobile accident between the defendant, Carroll Schroeders, who was operating a motorcycle, and Celio Pinto, who struck him in the rear while he was stopped waiting to make a left turn. After the accident, Schroeders made a claim against Pinto and exhausted Pinto's $20,000.00 liability coverage. Thereafter, since the motorcycle he was operating at the time of the collision had underinsurance coverage of $20,000.00 which was extinguished by the award from Pinto, Schroeders claimed underinsurance benefits under his mother's policy with Sentry with its coverage of $300,000.00. That claim was submitted to three arbitrators, two of whom awarded Schroeders $280,000.00.
Sentry filed a motion to vacate the arbitrators' award, arguing that the majority erred by finding that Schroeders was covered by the uninsured motorist provisions of his mother's policy. It argues that he was not covered because Sentry only promised to pay uninsured motorist benefits to an insured who was occupying a car and not a motorcycle, and because Sentry specifically excluded from uninsured coverage anyone occupying a motor vehicle owned by an insured where such vehicle was not covered under the insurance policy. Schroeders, in turn, filed a motion to confirm, contending that the policy exclusions contained in the uninsured liability section are contrary to law and violate public policy.
Section 38a-336(c) of the General Statutes provides in pertinent part that "[e]ach . . . liability . . . policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." According to the policy language, "[i]f we and you, or your legal representative, don't agree on the legal responsibility of the uninsured motorist to pay your damages or the amount of damages, then upon the written request of either party, the disagreement will be settled by arbitration." "[W]here . . . compulsory arbitration . . . required by Sec. 38-175(a)(1) [now Sec. 38a-336] is undertaken under General Statutes, Sec. 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 191. Construction of the contract of insurance is a question of CT Page 6583 law. Aetna Life Casualty Co. v. Bulaong, 218 Conn. 51, 58.
Sentry argues that Schroeders is not an insured under the terms of the insurance contract and, therefore, he is not covered by the uninsured section of the policy. "[T]he uninsured motorist statute does not require automobile insurance policies to provide underinsured motorist benefits to any particular class or group of insureds. "Citation omitted.] . . . Rather, the statute requires that underinsured motorist coverage must be provided `for the protection of persons insured thereunder.' (Emphasis added.) General Statutes, Sec. 38a-336(a)(1). Thus, `persons insured' in this statute refer to persons specified as insureds in the liability portion of the policy." (Emphasis added.)
 If the legislature intended to mandate coverage for all resident relatives of the named insured irrespective of whether they own a vehicle, it could have expressly so provided. In the absence of clear direction from the legislature, we decline to extend public policy to require insurers to cover family members who own vehicles. Presumably, the legislature has left such coverage to be provided by the policies on the vehicles owned by those family members.
Middlesex Ins. Co. v. Quinn, 225 Conn. 257, 264-65. It cannot be seriously questioned that an insurer may exclude those family members who own vehicles from liability coverage and, therefore, need not provide uninsured motorist coverage to them.
In the insurance contract, under the section labeled "Liability Insurance," the insurer will "pay damages, excluding punitive or exemplary damages, for bodily injury or property damage for which the law holds you responsible because of a car accident involving a car we insure." (Emphasis in original.) The "Definitions" section at the beginning of the policy, states that "You, Your; means . . . a member of the family who is a resident of the household and who doesn't own a car or whose spouse doesn't own a car." A car is defined in the policy as "a 4 wheel motor vehicle licensed for use on public roads." In the present case, Schroeders owns a motorcycle, which is not a four-wheel CT Page 6584 vehicle. Therefore, a motorcycle is not a car within the meaning of the policy. He is an insured under the liability portion of the policy.
 The public policy behind uninsured motorist coverage, therefore, requires an insurer to provide uninsured motorist benefits to any insured under the automobile liability policy. `[O]nce an automobile liability policy is issued extending [liability] coverage to a certain class of insureds . . . uninsured motorist coverage must be offered to cover the same class of insureds'; [citation omitted]; except as expressly excluded by statute or regulation.
(Citation omitted.) Middlesex Ins. Co. v. Quinn, supra, 267.
"It is well-settled that an insurer may not exclude from uninsured/underinsured coverage any situation other than the exclusions authorized by law. Streitweiser v. Middlesex Mut. Assur. Co., 219 Conn. 371, 377 [593 A.2d 498] (1991)." Dunlop v. Government Employees Ins. Co.,8 Conn. L. Rptr. 347, 349 (February 2, 1993, Hodgson, J.). "A definition that limits coverage to an extent different from the coverage required by law is an exclusion of coverage that cannot be given effect." Id.
General Statutes, Sec. 38-175c(a)(1) (rev'd to 1989) [now Sec. 38a-336] provides, inter alia, that:
 `Every . . . [automobile liability] policy shall provide insurance, herein called uninsured motorist coverage, . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles . . . because of bodily injury, including death resulting therefrom . . .'
 The remedial purpose of underinsured motorist coverage is to make whole a person injured at the hands of an uninsured/underinsured motorist. American Universal Insurance Co. v. DelGreco, 205 Conn. 178, 197 (1987). Uninsured motorist protection is covered for persons, not for vehicles CT Page 6585 Harvey v. Travelers Indemnity Co. 188 Conn. 245, 250 [449 A.2d 157] (1982) (legislatively overruled on other grounds). (Emphasis in original.)
Brady v. Allstate Insurance Company, 2 Conn. L. Rptr. 754, 756 (November 15, 1990, Schaller, J.). "The effect of Sec. 38a-336 is to prevent insurers from limiting the scope of uninsured/underinsured coverage to insureds other than in the ways authorized." Dunlop v. Government Employees Ins. Co., supra, 349. The plaintiff is an insured under the liability portion of the insurance contract, and Sentry must provide uninsured motorist coverage unless authorized by law to exclude him from such coverage.
Section 38a-336 (formerly Sec. 38-175c) authorizes an insurer to exclude certain classes from uninsured motorist coverage. "No insurer shall be required to provide uninsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured motor vehicle or a motorcycle that is owned by the named insured, or (B) to any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured." General Statutes, Sec. 38a-336 (formerly Sec. 38-175c). Subsection (A) does not apply to the facts of this case because the vehicle Schroeders was occupying was not owned by his mother, the named insured. Therefore, our analysis focuses upon subsection (B).
In Aetna Casualty Surety Co. v. Arduini,4 Conn. L. Rptr. 219, 223-224, (June 14, 1991, Koletsky, J.), the court, after reviewing the language of Sec. 38-175c (now Sec.38a-336), the rules of statutory construction and the relevant legislative history and case law, determined "that the term `uninsured motor vehicle' in . . . Gen. Stat., Sec. 38-175c(a)(1)(A) and (B) can refer to the insured's motor vehicle when, depending upon the factual circumstances, it is either the innocent motor vehicle or the tortfeasing motor vehicle. However, the term `underinsured motor vehicle' in . . . Gen. Stat., Sec. 38-175c(a)(1)(A) and (B) can refer to the insured's motor vehicle (which may be the claimant's vehicle) only when it is the tortfeasing vehicle." See also Metropolitan Property and Casualty Insurance Company v. Starr, 4 Conn. L. Rptr. 254 (July 1, 1991, Mihalakos, J.). An insurer is authorized by subsection (B) to exclude from CT Page 6586 coverage the following individuals: (1) any insured occupying an uninsured motor vehicle, which may be the innocent motor vehicle or the tortfeasor's vehicle, that is owned by the insured; and (2) any insured occupying an underinsured motor vehicle, which may only be the tortfeasor's vehicle, that is owned by the insured.
Here, Sentry promised "to pay damages, excluding punitive or exemplary damages, the owner or operator of an uninsured motor vehicle is legally obligated to pay because of bodily injury you suffer in a car accident while occupying a car, or as a pedestrian, as a result of having been struck by an uninsured motor vehicle." (Emphasis in original indicating when the term is defined by the policy language.) Sentry's promise has the effect of excluding Schroeders, an insured, from coverage because he was not occupying a car, but was occupying a motorcycle. However, "[o]ur underinsured motorist insurance statute, General Statutes, Sec. 38a-336, formerly Sec. 38-175c, requires that `[e]ach automobile liability insurance policy shall provide insurance, herein called uninsured motorist coverage . . . for the protection of persons insured thereunder. . . .'" (Emphasis added.) "Underinsured motorist coverage attaches to the insured person, not the insured vehicle." (Emphasis in original.)
 The legislature intended to provide that every insured within the definition of that term in the liability section of the policy is entitled to recover underinsured motorist benefits for the damage `he or she would have been able to recover if the uninsured [tortfeasing] motorist had maintained a policy of liability insurance.' [Citation omitted.] Section 38a-336 states that uninsured motorist coverage must be provided in every automobile liability policy for `the protection of persons insured thereunder.' `The policy linking uninsured motorist coverage to liability coverage is to reward those who obtain insurance coverage for the benefit of those they might injure. Persons who are uninsured for purposes of liability coverage should not be protected by the public policy of this state from their own kind.'
Middlesex Ins. Co. v. Quinn, supra, 262, 265, 268-69. As a CT Page 6587 result, Sentry's attempt to exclude all individuals who are insureds under the liability section of the policy from uninsured motorist coverage based upon their status as occupiers of motorcycles is contrary to the law as stated in Harvey v. Travelers Indemnity Co., 188 Conn. 245, 250, where the court stated:
 An insured's status at the time of the injury, whether passenger, pedestrian, or driver of an insured or uninsured vehicle, is irrelevant to recovery under the statutorily mandated coverage. [Citations omitted.] `The coverage is portable: The insured and family members . . . are insured no matter where they are injured. They are insured when injured in an owned vehicle named in the policy, in an owned vehicle not named in the policy, in an unowned vehicle, on a motorcycle, on a bicycle, whether afoot or on horseback or even on a pogo stick'; [citation omitted]; or in a `rocking chair on [one's] front porch.'
(Citation omitted.) (Emphasis added.) "`It was not the intent of the legislature . . . to offer protection with one hand and then take part of it away with the other.'" (Citation omitted.) Id., 251. Therefore, although an insurer may exclude certain individuals as specified in Sec.38a-336(a)(1)(A) and (B), Sentry's promise is a limitation on uninsured motorist coverage that is unauthorized by law.
In addition to the limited promise, Sentry, in the uninsured motorist section of the policy, attempts to exclude from uninsured motorist coverages "[a]nyone occupying a motor vehicle owned by or furnished for your regular use and not insured under this insurance. . . ." (Emphasis in original.) This exclusion is not authorized by law because although Sec.38a-336(a)(1)(B) permits the exclusion of motor vehicles owned by an insured, that exclusion may only be for uninsured or underinsured motor vehicles owned by the insured, not all motor vehicles owned by the insured. As a result, although conceding that an insurer may exclude a motor vehicle owner who is a resident family member of the named insured from the liability portion of the policy, and therefore effectively exclude that individual from uninsured motorist coverage, once the individual is an insured under the liability portion of the policy, an insurer may not exclude from uninsured CT Page 6588 motorist coverage all motor vehicles owned by the insured. It may only exclude uninsured or underinsured motor vehicles owned by the insured. The arbitrators' award is, accordingly, confirmed.
Moraghan, J.