[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Chesnel Florestal and Judy Merzulie [hereinafter "claimants"] seek orders confirming an arbitration award involving an underinsured motorist claim against Government Employee Insurance Company [hereinafter "GEICO"], and GEICO seeks orders vacating such award. The following facts are undisputed. The claimants were traveling in an automobile owned and operated by Florestal on March 20, 1990 in Stamford, Connecticut. On such date, both claimants sustained injuries in a multi-vehicle accident. The vehicle responsible for the accident was owned by Jose Pereira [Periera] and operated by Antonio Pereira. Pereira had liability insurance pursuant to a policy issued by Windsor Insurance Company [hereinafter "Windsor"]. The limits of liability under the Windsor policy was $20,000 per person and $40,000 per accident. When the CT Page 4040 proceeds of the Windsor policy were divided among the accident victims, the claimants each received $5,000.
The claimants also made claims under an underinsured motorist policy that Florestal held with GEICO. GEICO denied coverage on the ground that the tortfeasor's vehicle was not underinsured, and the claimants thereafter made a demand for arbitration pursuant to General Statutes 38a-336(c). This court, Dean, J., granted an application to proceed with arbitration on December 14, 1992. At a hearing on July 19, 1993, the sole issue presented to the arbitrator was whether the tortfeasor's vehicle was an "underinsured vehicle" within the meaning of General Statutes 38a-336(d).
The arbitrator issued his decision on November 16, 1993 which was supplemented on November 18, 1993. The arbitrator found that Pereira's vehicle was underinsured within the meaning of 38a-336(d), and awarded $19,566.49 to Merzulie and $14,015.21 to Florestal, with a reduction of $5,000 for the sums they had received under the Windsor policy.
On November 23, 1993 the claimants filed an application to confirm the award pursuant to General Statutes 52-417. On November 24, 1993, GEICO filed an application to vacate such award pursuant to 52-418, and seeking a trial de novo on the issue of damages.
General Statutes 38-336(c) provides in pertinent part that "[e]ach automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." General Statutes 38-336(c). "Upon judicial review of compulsory arbitration proceedings pursuant to 38a-366(c), `the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators.'" Stephan v. Pennsylvania General Ins. Co., 224 Conn. 758, 768, 621 A.2d 258 (1993), quoting American Universal Insurance Co. v. DelGreco, 205 Conn. 178, 191,530 A.2d 171 (1987). However, in reviewing the arbitrator's factual findings, "the appropriate standard of review is the `substantial evidence' test that prevails in review of factual determinations by administrative agencies." Chmielewski v. Aetna Casualty Surety,218 Conn. 646, 656, 591 A.2d 101 (1991); Rydingsword v. Liberty Mutual Ins. Co., 224 Conn. 8, 21, 615 A.2d 1032 (1992).
General Statutes 38a-336(d) provides in relevant part that: CT Page 4041
 an "underinsured motor vehicle" means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which such claim is made. . . .
General Statutes 38a-336(d); see also Covenant Ins. Co. v. Coon,220 Conn. 30, 32, n. 4, 594 A.2d 977 (1991). Courts have held that statutes and regulations which apply to uninsured motorist coverage equally apply to underinsured motorist coverage. Buell v. American Universal Insurance Co., 224 Conn. 766, 769 n. 1, 621 A.2d 262
(1993). "`The public policy established by the uninsured [underinsured] motorist statute is that every insured is entitled to recover for the damages he or she would have been able to recover if the uninsured [underinsured] motorist had maintained a policy of liability insurance.'" Id., 774-75, quoting Harvey v. Travelers Indemnity Co., 188 Conn. 245, 249, 449 A.2d 157 (1982).
In support of its motion to vacate the arbitration award, GEICO argues that the award was improper, against the weight of the evidence, imperfectly executed by complete disregard of the law, that a mutual, final award upon the subject was not made, and the award was contrary to law. GEICO claims that because the $20,000 in uninsured motorist coverage provided under the policy is equal to the tortfeasor's liability coverage under the Windsor policy, the tortfeasor's vehicle is not an "underinsured vehicle" within the meaning of General Statutes 38a-336(d), and the uninsured motorist vehicle provision of the GEICO policy is therefore not applicable to the claimant's claims.
In response, the claimants argue that the statutory phrase "liability insurance coverage available to individual claimant" should be interpreted to refer to the sums that an individual claimant is actually able to recover from a tortfeasor's liability insurance policy in order to have his or her claims satisfied. The claimants argue that since each claimant in the present case actually received $5,000 rather the $20,000, the tortfeasor's vehicle was underinsured within the meaning of the statute, and they are entitled to underinsured motorist benefits under the GEICO policy.
In its decision, the arbitrator indicated that in finding that CT Page 4042 the claimants were entitled to coverage under the GEICO policy, he relied upon Stephan v. Pennsylvania General Ins. Co., supra, and Buell v. American Universal Ins. Co., supra, two recent companion cases addressing underinsured motorist provisions. However, in those two cases, the insurance companies did not dispute the fact that the claimants were covered under their uninsured motorist policies. See Stephan v. Pennsylvania General Ins. Co., supra, 761; Buell v. American Universal Ins. Co., supra, 771. Rather, in both cases the issue was whether the language of the claimant's policy permitted the insurance company to reduce the damages owed to the claimants by taking credit for payments made to others injured in the accident. Buell v. American Universal Ins. Co., supra, 771. The court concluded that such policies did not permit the insurance companies to reduce the uninsured motorist coverage to which plaintiffs were entitled by taking credit for payments to other claimants. Id.
In American Motorists Ins. Co. v. Gould, 213 Conn. 625, 627,569 A.2d 1105 (1990), overruled in part on other grounds, Covenant Ins. Co. v. Coon, 220 Conn. 30, 37, 594 A.2d 977 (1991), the Supreme Court addressed the issue of whether a tortfeasor's vehicle was underinsured within the meaning of the statute. The insurer in Gould claimed that it was not required to provide underinsurance coverage to the claimant at all. The Supreme Court concluded that `[t]he fact that liability coverage has . . . been exhausted because of multiple claims does not change the effect of the statute in activating uninsured motorist coverage only when the liability insurance of the tortfeasor is less in amount."['] Id. 633. The court noted that
 [u]nlike statutes in some other states that allow an insured to resort to his underinsured motorist coverage whenever his damages from an accident exceed the total liability insurance covering the tortfeasor, [38a-336(d)] requires that the insured's uninsured motorist coverage limits be greater than the total liability limits for a vehicle before it may be deemed underinsured.
Id., 631. "In the few cases involving such statutes as applied to a situation where there is more than one accident victim and the resulting claims exceed the total liability insurance limits, the courts have continued to regard uninsured motorist coverage as inaccessible when its limit is less than the total liability insurance available to all claimants." Id. The court explained CT Page 4043 that the statute could not have intended "`to place the insured who is injured by an underinsured motorist in a better position than one who is harmed by a motorist having the same insurance as the insured.' (Citations omitted.)" Id.
Therefore, "[t]he application of 38a-336 requires two distinct steps: (1) determining whether a vehicle is in fact underinsured, so that coverage is available; and (2) calculating the amount of the actual award due the victim." Covenant Ins. Co. v. Coon[1], "[Section] 38a-336 requires that, in determining whether a motor vehicle is "underinsured" the total of all liability insurance coverage available to an individual claimant must be compared to the amount of the underinsured motorist coverage in each of the policies against which a victim has a claim." Id., 34. "If the total of the liability insurance is less than the uninsured motorist limits of the individual's policy, then the uninsured motorist coverage becomes applicable." Id.
 I
As noted above, in the present case the tortfeasor's liability insurance under the Windsor policy was limited to $20,000 per person and $40,000 per accident. Windsor paid $20,000 to an individual not a party to this action as a settlement and the remaining $20,000 was divided evenly among the rest of the victims, including the claimants. The claimants each received $5,000 from the Windsor policy and thereafter made a demand upon Florestal's uninsured motorist policy issued by GEICO. The GEICO policy also provided for $20,000 per person and $40,000 per accident.
The liability coverage potentially available to each claimant was $20,000, and that it is this amount rather than the amount each claimant actually received which should have been compared with the claimants' uninsured motorist coverage to determine whether the tortfeasor's vehicle was underinsured under 38a-336(d). The $20,000 of potentially available liability insurance is the same amount as the tortfeasor's liability insurance. Therefore, the arbitrator's decision finding that Pereira's vehicle was underinsured within the meaning of 38a-336(d) was not a correct application of the law. Accordingly, GEICO's motion to vacate the arbitration award is granted and the claimants' motion to confirm such award is denied.
DEAN, J. CT Page 4044