[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT
On December 21, 1996 the plaintiff, Jack Cromblehome (hereinafter also "Cromblehome"), was the driver of an automobile in which the other plaintiff, Thomas Samuelrich (hereinafter also "Samuelrich") was a passenger. They were involved in a motor vehicle accident allegedly caused by the negligence of the owner and driver of another car, namely William Krasinski (hereinafter also "Krasinski"). Cromblehome and Samuelrich claimed injuries as a result of the accident. At the time of the accident both were insured by the defendant Allstate Insurance Company (hereinafter "Allstate") including liability and uninsured/underinsured motorist coverage.
Shortly after the accident, Samuelrich notified Allstate of the injuries both had sustained. Allstate requested a copy of the police accident report which, according to Cromblehome's affidavit, was hand delivered to Allstate. Samuelrich and Cromblehome then brought suit against Krasinski. However, Krasinski had bodily injury liability insurance limits of $20,000 per person, $40,000 per accident insured by the Windsor Insurance Group.
According to the plaintiffs' affidavits Allstate advised Samuelrich that it had documented the plaintiff's claims, the accident, the injuries and the property damage in their file but told Samuelrich that if the plaintiffs intended to make any claims for either property damages and/or personal injuries they would have to first pursue such claims against the tortfeasor, Krasinski, before they could make any claim against Allstate. Plaintiffs then filed suit for personal injuries against Krasinski on or about November 4, 1998. After Samuelrich exhausted Krasinski's policy limits on or about March 20, 2000 his attorney filed an underinsured motorist complaint against Allstate on or about April 13, 2000. After Cromblehome exhausted Krasinski's policy limits on or about July 6, 2000, his attorney filed an underinsured motorist complaint CT Page 2569 against Allstate on or about July 28, 2000. On October 10, 2002 both claims were consolidated upon Allstate's motion.
Allstate, on January 2, 2003 filed a motion for summary judgment against both plaintiffs under date of December 23, 2002. The Motion claims that the claims are barred by the statute of limitations. It is true that the Allstate policy insuring the plaintiffs states that the suit must be brought within two years of the date of accident. However, this overlooks CGS § 38a-336 (g)(1) which states in pertinent part as follows:
(g)(1) No insurance company doing business in this state may limit the time within which any suit may be brought against it . . . on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident provided, in the case of an underinsured motorist claim theinsured may toll any applicable limitation period (A) by notifying suchinsurer prior to the expiration of the applicable limitation period, inwriting, of any claim which the insured may have for underinsuredmotorist benefits and (B) by commencing suit . . . not more thanone-hundred and eighty days from the date of exhaustion of the limits ofliability under all automobile bodily injury liability bonds orautomobile insurance policies applicable at the time of the accident bysettlements or final judgments after any appeals.
(Emphasis added.)
At oral argument before this Court, Allstate conceded that the statute of three years had been tolled in that each suit was initiated within the 180-day period from the date of exhaustion of the limits of Krasinski's liability policy. Accordingly, this issue is no longer before the Court.
What Allstate did not concede and brought up in oral argument, but not in writing, is that the notification to Allstate was in writing. Allstate's claim is that the notification was not in writing, and, therefore, the aforementioned section of the statute permitting a tolling of the limitation period is not applicable to the plaintiffs' claims.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v. Hartford Hospital,192 Conn. 451, 455 (1984); Bartha v. Waterbury House Wrecking Co., CT Page 2570190 Conn. 8, 11 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham,161 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouffev. New York, New Haven and H.R. Company, 160 Conn. 482, 488 (1971). The test has been said as one "in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. [T]he test is whether a party would be entitled to a directed verdict on the same facts." Cummings and Lockwood v. Gray,26 Conn. App. 293, 296-97 (1991).
In determining whether a genuine factual issue exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "If the party opposing summary judgment generates uncertainty as to the true state of the material fact, the procedural weapon of summary judgment is inappropriate." National Union Fire Insurance Co. v, Turtuv,892 F.2d 199, 203 (2nd Cir. 1989).
 ISSUES
Was Proper Notice Given to Allstate in Accordance with the Aforementioned Statute?
There is little question that the underinsured motorist coverage statute is remedial in purpose and that it is to protect and make whole a person injured at the hands of an uninsured/underinsured motorist.American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 197 (1987). Also, see Harvey v. Travelers Indemnity Company, 188 Conn. 245, 250-51
(1982).
This Court stated during oral argument that it believed as a matter of law that the notifying of Allstate verbally and in person by the plaintiffs with submission at the request of Allstate of the police accident report is sufficient to qualify under the statute as notification in writing. Further, there is the alleged statement by Allstate that it had documented the claims, the accident and the injuries in their file but told the plaintiffs that if they intended to make any claims for property damage and/or personal injuries, they would have to first pursue such claims against Krasinski before they could make any claim against Allstate. These statements are included in the affidavits of one or more of the plaintiffs. Counsel for Allstate vigorously denied CT Page 2571 at the oral hearing that Allstate or any representative thereof had ever made that statement. This is, of course, an issue of fact, which cannot be decided by summary judgment. The Court indicated to defense counsel that it was prepared to deny the motion for summary judgment because of this issue of fact which was in dispute, but gave defense counsel time to submit case law that would contradict this potential finding. Allstate, through its counsel, submitted to this Court Aetna Life CasualtyCo. v. Braccidiferro, 34 Conn. App. 833, 843, footnote 8 (1994) which footnote states:
Fn. 8. According to the statute, notification must be in writing and alert the insurer of the underinsured motorist claim. Therefore, the fact that Aetna may have been the no-fault insurance carrier does not establish the proper notification.
There is no evidence that in the case at bar the subject insurance policy provided for no-fault benefits. This footnote appears to be dictum and not relevant to Aetna Life Casualty Co. v. Braccidiferro,supra. The issue in that case was primarily whether Public Act 93-77 was retroactive. Also, that court did state, inter alia, "Therefore the question of whether Aetna received notification of the underinsured motorist claim for benefits in writing from the claimant prior to the expiration period, i.e. three years, is a question of fact to be determined by the trial court." Id. 843. It is not clear from that sentence as to whether the court was talking about the three-year expiration period or whether it was in writing.
In Velez v. Estey, et al., an unpublished Superior Court decision (18 Conn.L.Rptr. 149, 1996 W.L. 677443) submitted by the defendant is not applicable to this case. In Velez, supra, the court held that the statute was applicable to claims brought after the effective date of the statute and thus invalidated the two-year limitation which was part of the policy. That is not the issue in this case. The issue in this case is whether or not notification was in writing.
As stated above, this is a remedial statute, and it is the duty of the Court to construe it liberally in favor of the underinsured motorist it was designed to protect. The Court would also note that by submission of the police report Allstate was put on notice of all the facts concerning the accident and suffered no prejudice. It is clear from the report that the fault for the accident was Krasinski traveling westbound on Route 190 into Route 190 in the eastbound lane. Clearly Krasinski was liable so plaintiffs did not submit notice to Allstate concerning their liability coverage. They did not have no-fault benefits, and under the circumstances and based upon the alleged statement of Allstate, Allstate CT Page 2572 assumed or should have assumed that it was a claim for underinsured or uninsured benefits. Therefore, Allstate had actual notice.
In any event, the Court's original position during the oral hearing has not been changed by the cases submitted by the defendant.
 CONCLUSION
There is a genuine issue of material fact as to whether the representations allegedly made by Allstate were in fact made. It may well be that even without that statement, the submission of the information, including the police report, would be sufficient to constitute a notice in writing. The claim of whether it was a notice in writing would be buttressed by whether or not the trier of fact believed that Allstate had made the representations that it disputes. Accordingly, this is an issue of fact which should not be decided by this motion.
The motions for summary judgment both dated December 23, 2002 are DENIED.
Rittenband, JTR CT Page 2577