JOHN McDONOUGH *v.* SHAWN FORREST ET AL.
(AC 32047)

Gruendel, Robinson and Alvord, Js.

Argued April 26—officially released July 5, 2011

*Ralph J. Monaco*, with whom, on the brief, were *Thomas J. Londregan* and *Jonathan T. Lane*, for the appellant (plaintiff).

*Kelley Franco Throop*, for the appellee (defendant United Services Automobile Association).

*Opinion*

ALVORD, J. The plaintiff, John McDonough, appeals from the summary judgment rendered by the trial court in favor of the defendant United Services Automobile

Association.[1] On appeal, the plaintiff claims that the court improperly concluded that he was not entitled to coverage under the uninsured/underinsured motorist section of his insurance policy issued by the defendant. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. The plaintiff commenced this action on October 15, 2008, alleging in his complaint that on April 21, 2007, he was operating his motorcycle around a curve on Route 14A in Sterling and was unable to see a truck stopped on the roadway.[2] Further, the plaintiff alleged that he was forced to take evasive action that resulted in his striking the guardrail and suffering injuries.

In the second count of the complaint, the plaintiff alleged that he was entitled to underinsured motorist coverage from the defendant because the insurance coverage on the truck was insufficient to compensate him for his injuries. At the time of the accident, the plaintiff had insurance coverage issued by the defendant on two cars (car policy) that he owned and claimed that he was entitled to benefits arising from the uninsured/underinsured motorist coverage on that car policy. The motorcycle that the plaintiff owned and was operating was uninsured.

The defendant moved for summary judgment, claiming that, as a matter of law, the plaintiff was not entitled to the uninsured/underinsured motorist coverage under the car policy because the plaintiff owned the motorcycle but it was not insured. The defendant referenced an exclusion in the car policy limiting such coverage.

[1] The plaintiff also named Shawn Forrest and Janice Arbella as defendants, but they were not parties to the motion for summary judgment that is the subject of this appeal. Accordingly, we refer in this opinion only to United Services Automobile Association as the defendant.

[2] The truck was operated by Shawn Forrest and owned by Janice Arbella.

Part C of the car policy, titled "Uninsured Motorists/ Underinsured Motorists Coverage (UM/UIM)," provides in relevant part: "Exclusions . . . [The defendant does] not provide [uninsured motorists/underinsured motorists] [c]overage . . . for [bodily injury] sustained by: 1. You . . . when occupying . . . an uninsured motor vehicle . . . or a motorcycle that is owned by you. . . ."

Further, the defendant noted that General Statutes § 38a-336 permits this coverage exclusion. Section 38a-336 (a) (1) provides in relevant part that "[n]o insurer shall be required to provide uninsured and underinsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured motor vehicle or a motorcycle that is owned by the named insured, or (B) any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured."

The plaintiff objected to the motion, contending that the defendant "confuse[d] the plaintiff's motorcycle with the tortfeasor's underinsured motor vehicle. . . . [The] [p]laintiff's vehicle is not the underinsured vehicle. Therefore, the exception upon which [the defendant] relies does not apply in this case." The plaintiff argued that the purpose of underinsured motorist coverage is to provide coverage to a victim struck by a tortfeasor who lacks sufficient coverage, and thus the "focus of the analysis to determine coverage is on the ownership of the tortfeasor['s] vehicle . . . ." The defendant replied, arguing, inter alia, that the car policy did not cover this accident because the language in the car policy expressly limited coverage of this type, irrespective of whether the other vehicle in the accident was underinsured.

On August 10, 2009, the parties argued the motion for summary judgment. The court ruled in favor of the

defendant, and granted summary judgment on the second count of the complaint. The court denied the plaintiff's motion for articulation. This appeal followed.

On appeal, the plaintiff contends that in granting the defendant's motion for summary judgment, the court improperly concluded that (1) the plaintiff's vehicle was the uninsured/underinsured vehicle at issue and (2) the uninsured/underinsured motorist coverage insures the vehicle not the person. The defendant argues, inter alia, that the exclusions in the car policy, which are permissible exclusions pursuant to statute, remove the plaintiff from uninsured/underinsured coverage because such exclusions are not dependent on which vehicle was at fault. We agree with the defendant.

We begin by setting forth the applicable standard of review of a trial court's ruling on a motion for summary judgment. Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See also *Craig* v. *Stafford Construction, Inc.*, 271 Conn. 78, 83, 856 A.2d 372 (2004). "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003).

"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. . . . The determinative question is the intent of the parties, that is, what coverage the . . . [plaintiff] expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy. . . . If the words in the policy are plain and

unambiguous the established rules for the construction of contracts apply, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties." (Citations omitted; internal quotation marks omitted.) *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 583, 573 A.2d 699 (1990). An insurer may reduce the limits of its uninsured motorist coverage only as permitted by § 38a-334-6 (c) of the Regulations of Connecticut State Agencies. See *Lane* v. *Metropolitan Property & Casualty Ins. Co.*, 125 Conn. App. 424, 439–41, 7 A.3d 950 (2010).

The plaintiff claims that the exclusion in the car policy does not apply because, for the purposes of that exclusion, the underinsured vehicle was the truck, the alleged tortfeasor's vehicle.[3] We are not persuaded. The relevant language in the car policy is plain and unambiguous and, therefore, must be given its natural and ordinary meaning. See *Savoie* v. *Prudential Property & Casualty Ins. Co.*, 84 Conn. App. 594, 601, 854 A.2d 786

---

[3] The plaintiff also argues that uninsured/underinsured coverage is person oriented rather than vehicle oriented. While a correct statement of the law; *Travelers Ins. Co.* v. *Kulla*, 216 Conn. 390, 399–400, 579 A.2d 525 (1990); this assertion is inapposite where the individual failed to secure insurance coverage on a vehicle he owned, and where the policy, statute and regulations explicitly provide for excluding such individual's coverage.

Further, in his reply brief, the plaintiff argues that under the provisions of the policy, the plaintiff's vehicle could not be defined as an uninsured motor vehicle. "It is well established . . . that [c]laims . . . are unreviewable when raised for the first time in a reply brief." (Internal quotation marks omitted.) *SS-II, LLC* v. *Bridge Street Associates*, 293 Conn. 287, 302, 977 A.2d 189 (2009). One rationale for that maxim is the fact that "[a]rguments first presented in a reply brief impair the opposing party's opportunity to reply in writing." *State* v. *Rosario*, 113 Conn. App. 79, 93, 966 A.2d 249, cert. denied, 291 Conn. 912, 969 A.2d 176 (2009). Such is the case here, and, accordingly, we do not consider this argument.

(insurance policy provisions afforded their natural and ordinary meaning), cert. denied, 271 Conn. 932, 859 A.2d 930 (2004). It bears repeating that, in the present case, the policy states that "[the defendant does] not provide [uninsured motorists/underinsured motorists] [c]overage . . . for [bodily injury] sustained by: 1. You . . . when occupying . . . an uninsured motor vehicle . . . or a motorcycle that is owned by you." Thus, by the plain terms of this exclusion, the plaintiff cannot recover because he was operating an uninsured motorcycle that he owned, and he was the named insured on the car policy.[4] There is no issue of material fact that the plaintiff owned the motorcycle or that it was an uninsured vehicle, as admitted by the plaintiff, because no insurance policy was covering it at the time of the accident. As a result, we conclude that the court properly granted the motion for summary judgment because the provision of the car policy provided an exclusion from uninsured/underinsured motorist coverage for any uninsured motor vehicle owned by the named insured.

This exclusion is expressly permitted by statute and the regulations promulgated under that statute.[5] The

[4] The policy provides in relevant part that "[y]ou and your refer to the 'named insured . . . .' "

[5] In *Harvey* v. *Travelers Indemnity Co.*, 188 Conn. 245, 449 A.2d 157 (1982), an insurance policy provided in relevant part: "This policy does not apply . . . to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or a relative . . . ." (Internal quotation marks omitted.) Id., 246. In that case, the plaintiff was injured by an uninsured motorist while riding an uninsured motorcycle belonging to his father. Id., 245–46. The plaintiff sought benefits under the uninsured motorist provisions of an automobile liability insurance policy his mother had purchased for a car that she owned. Id., 246. Travelers disclaimed liability but the trial court rendered judgment in the plaintiff's favor. Id. The Supreme Court affirmed, concluding that the exclusion was void as against public policy, stating, "[i]t may be, as the defendant suggests, that such a public policy discourages persons from obtaining liability insurance coverage and increases the risk of injury by uninsured motorists. But that plea should be directed to the legislature." Id., 252–53.

Thus, in direct response to the *Harvey* ruling, the legislature amended § 38a-336. See *Gormbard* v. *Zurich Ins. Co.*, 279 Conn. 808, 820 n.8, 904

statutory language is almost identical to the car policy exclusion. Likewise, the applicable regulation, § 38a-334-6 (c) of the Regulations of Connecticut State Agencies, provides in relevant part: "(c) Exclusions. The insurer's obligations to pay [uninsured or underinsured coverage] may be made inapplicable . . . (2) if the uninsured or underinsured motor vehicle is owned by (A) the named insured . . . ." Nothing in the statutory or regulatory language suggests that fault for the accident must be considered under this exclusion.

The judgment is affirmed.

In this opinion the other judges concurred.

A.2d 198 (2006) (in direct response to *Harvey*, legislature amended § 38a-336 [a] to provide exclusion where named insured occupies uninsured car owned by named insured); *Lowrey* v. *Valley Forge Ins. Co.*, 224 Conn. 152, 160–61, 617 A.2d 454 (1992) (same).

In *Gormbard,* our Supreme Court indicated that "[d]uring the legislative debate on the amendment, Senator Wayne A. Baker explained that the amendment was intended to overrule this court's holding in *Harvey* that public policy requires an insurer to provide uninsured motorist coverage for injuries that an insured sustains while occupying an uninsured vehicle that the insured, or a family member of the insured, owns. Specifically, Senator Baker stated: '[*Harvey*] requires insur[ers] to provide coverage to people who choose to break this state's compulsory insurance law. If a person does drive without insurance and exposes others to injury without the protection of liability coverage, then that person should not be entitled to uninsured motorist coverage. This bill then would deny uninsured motorist coverage to such people.' " *Gormbard* v. *Zurich Ins. Co.*, supra, 279 Conn. 820 n.8.