LISA NOEL ET AL. *v.* RIBBITS, LLC, ET AL.
(AC 32552)

Beach, Bishop and Mihalakos, Js.

Argued October 14—officially released December 13, 2011

*Gregg D. Adler*, with whom was *Nicole M. Rothgeb*, for the appellants (plaintiffs).

*John R. Williams*, for the appellees (defendants).

*Kathleen Eldergill* and *Robert J. Kor* filed a brief for the Connecticut Employment Lawyers Association as amicus curiae.

*Charles Krich*, principal attorney, filed a brief for the commission on human rights and opportunities as amicus curiae.

*Opinion*

BISHOP, J. The plaintiffs, Lisa Noel and Jessica Wildowsky, appeal from the trial court's judgment awarding attorney's fees in their favor. On appeal, the plaintiffs challenge the amount of the court's award, claiming that the court improperly relied solely on the contingency provisions of their fee agreements in calculating the award. We agree and, accordingly, reverse the judgment of the trial court.

On December 7, 2009, the plaintiffs filed a third amended complaint against the defendants, their former employers, Ribbits, LLC, Edward Birkmanis and Gustav Birkmanis. The plaintiffs each alleged discrimination on the basis of sex and sexual harassment in violation of General Statutes § 46a-60 (a) (1) and (8) of the Connecticut Fair Employment Practices Act (act), General Statutes § 46a-51 et seq.; assault and battery; retaliation for complaining of sex discrimination and sexual harassment in violation of § 46a-60 (a) (4) of

the act; and intentional infliction of emotional distress. Following a jury trial, the jury returned a verdict for the plaintiffs on their claims under § 46a-60 (a) (1) and (8) of the act but found in favor of the defendants on the remaining claims.[1] The jury awarded Noel $1600 in economic damages but did not award her damages for emotional distress. The jury did not award any damages to Wildowsky. The court thereafter rendered judgment in accordance with the jury's verdict.

Subsequently, on February 10, 2010, the plaintiffs filed a motion for attorney's fees and costs, accompanied by supporting affidavits, pursuant to Practice Book § 11-21[2] and General Statutes § 46a-104.[3] The plaintiffs sought attorney's fees in the aggregate amount of $160,731.25 and costs of $4997.84.[4] The defendants objected to the plaintiffs' claim for attorney's fees on the ground that their respective fee agreements were contingent and based on a percentage of monetary damages awarded by the jury. The court agreed with the defendants and, following a hearing, issued a memorandum of decision basing its order on the one-third contingency provision of the plaintiffs' fee agreements. The court reasoned that, because Wildowsky did not

---

[1] The jury specifically determined that each plaintiff proved, "by a fair preponderance of the evidence, that [Ribbits] discriminated against her in violation of [the act] by subjecting her to sexual harassment due to a hostile work environment."

[2] Practice Book § 11-21 provides: "Motions for attorney's fees shall be filed with the trial court within thirty days following the date on which the final judgment of the trial court was rendered. If appellate attorney's fees are sought, motions for such fees shall be filed with the trial court within thirty days following the date on which the appellate court or supreme court rendered its decision disposing of the underlying appeal. Nothing in this section shall be deemed to affect an award of attorney's fees assessed as a component of damages."

[3] General Statutes § 46a-104 provides: "The court may grant a complainant in an action brought in accordance with section 46a-100 such legal and equitable relief which it deems appropriate including, but not limited to, temporary or permanent injunctive relief, attorney's fees and court costs."

[4] The award of costs has not been challenged by either party.

recover any monetary damages, she was not entitled to any attorney's fees. The court awarded Noel attorney's fees in the amount of $533.33, one third of the $1600 jury award in her favor. This appeal followed.

On appeal, the plaintiffs claim that the court improperly based its award of attorney's fees solely on the one-third contingency provision of their fee agreements to the exclusion of other pertinent language in their fee agreements. These agreements contained the following identical provisions: "In the event of a successful resolution of the case, I agree that my attorneys shall be compensated at the rate of one-third of the entire settlement or judgment I receive in connection with my claims *or an award of reasonable attorney's fees, whichever is greater.*" (Emphasis added.) The plaintiffs contend that the court should not have relied solely on the one-third contingency provision in their fee agreements but, rather, should have analyzed the reasonableness of their claim for attorney's fees. We agree.[5]

"It is well established that we review the trial court's decision to award attorney's fees for abuse of discretion. . . . This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether

---

[5] The defendants argue that the court's award of attorney's fees was proper because the amount of attorney's fees should be commensurate with the nominal damages awarded by the jury. We disagree that one must flow from the other. Our Supreme Court has held that "there is a strong public policy reason for giving courts discretion to award substantial attorney's fees when the plaintiff's claim for damages and recovery is not large." *Simms* v. *Chaisson*, 277 Conn. 319, 334, 890 A.2d 548 (2006). Thus, in assessing reasonable counsel fees, the court should fairly extend its consideration to other factors in addition to the amount of the damages award.

the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *Simms* v. *Chaisson*, 277 Conn. 319, 325, 890 A.2d 548 (2006).

Here, in considering the plaintiffs' claims for attorney's fees, the court limited its consideration to the contingency provision of the fee agreements. The court concluded that it would "not depart from the terms of the contingency fee agreements because they do not do substantial unfairness to the [plaintiffs]." In fashioning its award, the court did not consider the provision in the agreements for a reasonable award that might be greater than one based solely on the jury's award of damages. Because the court ignored that provision of the fee agreements, under which the plaintiffs clearly were pursuing their quests for fees, and failed to assess the reasonableness of their claim for fees,[6] we must conclude that the court's award was improper.[7]

---

[6] We note that: "[T]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. . . . The courts may then adjust this lodestar calculation by other factors. . . . For guidance in adjusting attorney's fees, Connecticut courts have adopted the twelve factors set forth in *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases." (Citation omitted; internal quotation marks omitted.) *Ernst* v. *Deere & Co.*, 92 Conn. App. 572, 576, 886 A.2d 845 (2005).

[7] When a judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings, the matter is typically assigned to a different trial judge. Here, however, the parties agree, and we concur, that this case should be remanded to the judge who presided over the jury trial for a determination of the reasonableness of the plaintiffs' claim for attorney's fees because the judge who presided over the trial is in the best position to make an assessment of reasonable attorney's fees.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.