SELENE FINANCE, L.P. *v.* JOHN
TORNATORE ET AL.
(AC 32780)

DiPentima, C. J., and Espinosa and Bishop, Js.

Argued April 24—officially released July 24, 2012

*Kimberly A. Cuneo*, with whom, on the brief, was *J. William Gagne, Jr.*, for the appellant (named defendant).

*Andrew P. Barsom*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The mortgagor defendant, John Tornatore,[1] appeals from the judgment of the trial court denying his motion to open the default judgment of strict foreclosure in favor of the mortgagee plaintiff, Selene Finance, L.P. The defendant claims that the court improperly denied his motion to open and awarded

---

[1] The summons and complaint also named as a defendant Montgomery Wholesale Florist, Inc. Montgomery Wholesale Florist, Inc., is not a party to this appeal. Accordingly, in this opinion, we refer to Tornatore as the defendant.

attorney's fees to the plaintiff. We affirm the judgment of the trial court.

The following undisputed facts are relevant to this appeal. The plaintiff is the holder of a mortgage and note on the defendant's property located on Casey Lane in Wethersfield (property). The note entered default, and the plaintiff accelerated the amount due and declared the note due. When the defendant failed to cure the default, the plaintiff initiated foreclosure proceedings on the mortgage securing the note. The marshal left a true and attested verified copy of the notice, summons and complaint at the property.

On April 20, 2010, the plaintiff filed a motion for default for failure to appear and a motion for judgment of strict foreclosure. The court granted both motions. The defendant failed to redeem the property, and the plaintiff filed a motion for deficiency judgment against the defendant on August 27, 2010.

On September 30, 2010, the defendant filed a motion to open the judgment of strict foreclosure. By way of two separate affidavits in support of the motion, the defendant claimed that he was not served with the complaint and did not receive notice of the motion for default or the motion for judgment of strict foreclosure. The motion to open appeared on the short calendar for October 12, 2010, and was marked "ready" for argument. Counsel for the plaintiff appeared and objected to the motion, arguing that title to the property had vested in the plaintiff. Counsel for the defendant did not attend. The court denied the motion and awarded the plaintiff $150 in attorney's fees. The defendant filed the present appeal on October 18, 2010.

The court issued an articulation on September 13, 2011. Citing General Statutes § 49-15 (a) (1) and (2),[2]

[2] General Statutes § 49-15 (a) provides in relevant part: "(1) Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person

the court stated that title to the property had vested in the plaintiff and that the plaintiff properly had objected to the motion to open. Furthermore, the court stated that it awarded the plaintiff attorney's fees because counsel for the defendant did not appear to prosecute the motion.

The defendant claims that the court abused its discretion in denying his motion to open the judgment of strict foreclosure and in awarding the plaintiff attorney's fees. He argues that he did not have proper notice of the foreclosure proceedings. We are not persuaded.

"[A] judgment of strict foreclosure ordinarily cannot be opened after the law day has passed, [unless] the judgment [is] attacked on the ground that the court lacked jurisdiction over the party challenging it. . . . Once title has vested, no practical relief is available [p]rovided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . ." (Citation omitted; internal quotation marks omitted.) *Highgate Condominium Assn., Inc.* v. *Miller*, 129 Conn. App. 429, 434–35, 21 A.3d 853 (2011).

At the hearing on the defendant's motion to open, the defendant did not claim that title to the property

having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection.

"(2) Any judgment foreclosing the title to real estate by strict foreclosure may be opened after title has become absolute in any encumbrancer *upon agreement of each party to the foreclosure action* who filed an appearance in the action and any person who acquired an interest in the real estate after title became absolute in any encumbrancer, provided (A) such judgment may not be opened more than four months after the date such judgment was entered or more than thirty days after title became absolute in any encumbrancer, whichever is later, and (B) the rights and interests of each party, regardless of whether the party filed an appearance in the action, and any person who acquired an interest in the real estate after title became absolute in any encumbrancer, are restored to the status that existed on the date the judgment was entered." (Emphasis added.)

had not vested in the plaintiff or that the abode service of the summons and complaint was somehow improper. Nevertheless, the defendant now improperly attempts to make these claims on appeal. We decline to consider them.[3] Under these circumstances, and in accord with § 49-15 (a) (2), the court could grant the defendant's motion to open only upon the agreement of the parties. Since there was no assertion that the parties had come to any such agreement, and the record reflects that there was no such agreement, the court properly denied the defendant's motion to open.

The defendant's claim that the court's award of attorney's fees was improper is without merit. "[W]e review the trial court's decision to award attorney's fees for abuse of discretion. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *Noel* v. *Ribbits, LLC*, 132 Conn. App. 531, 534–35, 35 A.3d 1078 (2011). After reviewing the record, we conclude that the court's award of attorney's fees to the plaintiff was reasonable and not an abuse of its discretion.

The judgment is affirmed.

---

[3] The defendant makes these claims for the first time in his reply brief to this court. "[C]laims . . . are unreviewable when raised for the first time in a reply brief. . . . One rationale for that maxim is the fact that [a]rguments first presented in a reply brief impair the opposing party's opportunity to reply in writing." (Citation omitted; internal quotation marks omitted.) *McDonough* v. *Forrest*, 129 Conn. App. 851, 856 n.3, 21 A.3d 546, cert. denied, 302 Conn. 924, 28 A.3d 340 (2011). Accordingly, we decline to review these claims.